UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
FILED
AUG 0 4 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-171-KSF

CHARLES E. CUMMINS, JR.            PLAINTIFF

VS.      **MEMORANDUM OPINION AND ORDER**

BOURBON COUNTY DET. CENTER, ET AL.        DEFENDANTS

The plaintiff, an inmate at the Bourbon County Detention Center, has filed a *pro se* 42 U.S.C. §1983 complaint. He alleges his First Amendment right of access to the courts has been violated because, while he has been confined at the Bourbon County Detention Center, he has not been provided with the addresses of unspecified courts, free copying privileges, notary public services or law books.

### RELIEF

The plaintiff seeks punitive damages for "mental suffering." He also seeks injunctive relief in that he wants a court-ordered transfer out of the Bourbon County Detention Center.

Under 42 U.S.C. §1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Jennings v. Mitchell*, 93 Fed. Appx. 723, 2004 WL 504352 (6th Cir. (Mich), March 12, 2004) (citing *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 807 (10th Cir. 1999)). When a prisoner has failed to allege facts sufficient to show that he suffered actual physical injury, he is barred from financial recovery. *Watson v. McClanahan*, 221 F.3d 1337, 2000 WL 922899 (6th Cir. (Tenn.)) (unpublished disposition) (citing *See* 42 U.S.C. §1997e(e)). Because the plaintiff has failed to plead or show that he has experienced an actual

physical injury, he is barred from receiving the financial recovery he seeks.

The plaintiff also seeks injunctive relief, in that he seeks for this Court to order that he be transferred out of the Bourbon County Detention Center. The plaintiff has not set forth any legal basis upon which any such order may be issued. Consequently, the plaintiff is not entitled to the injunctive relief he seeks.

As this Court cannot grant the plaintiff's requested relief, this action is subject to dismissal.

## FIRST AMENDMENT

The plaintiff alleges that his First Amendment right of access to the courts has been abridged because, while he has been confined at the Bourbon County Detention Center, he has not been provided with the addresses of unspecified courts, free copying privileges, notary public services, or law books.

The plaintiff has not established that he has experienced an actual injury, in that he does not allege he has actually been denied access to a court. Thus, he is without standing to bring his First Amendment claim. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 471 (1982); *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *Briggs v. Ohio Elections Comm'n*, 61 F.3d 487 (6th Cir. 1995); *Greater Cincinnati Coalition, et al. v. City of Cincinnati*, 56 F.3d 710, 715 (6th Cir. 1995); *DeBolt v. Espy, et al.*, 47 F.3d 777 (6th Cir. 1995); *G & V Lounge, Inc., v. Michigan Liquor, et al.*, 23 F.3d 1071 (6th Cir. 1994); *Planned Parenthood Ass'n v. City of Cincinnati*, 822 F.2d 1390, 1394 (6th Cir. 1987).

The issue of standing, whether a federal court has the power to adjudicate a suit, is "the threshold question in every federal case." *Planned Parenthood Ass'n v. City of Cincinnati*, 822 F.2d

1390, 1394 (6th Cir. 1987) (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). In considering the issue of standing, the first question is whether there is an injury in fact likely to be redressed by a favorable decision. *Id.* The standing doctrine limits the judicial power of the federal court to parties who demonstrate "injury in fact." *Allstate Ins. Co. v. Wayne County*, 760 F.2d 689, 692 (1985).

The Court, in *DeBolt v. Espy, et al.*, 47 F.3d 777 (6th Cir. 1995), wrote:

> Under Article III of the United States Constitution, a court has no jurisdiction over a case when the plaintiff does not have standing. *Jaimes v. Toledo Metropolitan Housing Authority*, 758 F.2d 1086, 1092 (6th Cir. 1985).

*Id.* at 779-80.

As the plaintiff does not assert that he, personally, has withstood an injury in fact, in that he does not assert he has personally experienced an adverse effect in a court because of the complained-of conditions of confinement, and because the plaintiff, by his very access to this Court, has refuted his own claim that he is without access to courts, the plaintiff is without standing to bring a First Amendment denial of the right of access to the courts claim. Consequently, as currently pled, this action must be dismissed for the plaintiff's lack of standing.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

1. This action is **DISMISSED**, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendants.

2. The plaintiff's Motion for Appointment of Counsel [Record No. 6] is **DENIED**.

This the 4th day of ~~June~~ August, 2005.

KSF
_____
KARL S. FORESTER, SENIOR JUDGE